IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| FREEMAN UNITED COAL MINING CO., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 05-CV-3227 |
| ) | |
| INTERNATIONAL UNION, UNITED MINE ) | |
| WORKERS OF AMERICA; REGION 3, ) | |
| UNITED MINE WORKERS OF AMERICA; ) | |
| DISTRICT 12, UNITED MINE WORKERS ) | |
| OF AMERICA; LOCAL UNION 1969, ) | |
| UNITED MINE WORKERS OF AMERICA, ) | |
| ) | |
| Defendants. ) | |

## ANSWER AND COUNTERCLAIM

Come now the Defendants The United Mine Workers of America, International Union, Region 3, District 12 and Local 1969 (hereafter collectively "UMWA" or "Union") and respond to the Complaint filed herein as follows:

1) Paragraph 1 of the complaint describes the nature of Plaintiff's suit. Defendants admit only that the case involves a challenge to a labor arbitration decision that Arbitrator D'Eletto issued on August 3, 2005. Defendants deny all other allegations.

2) Defendants admit that the collective bargaining agreement (hereafter "Agreement") consists of the Bituminous Coal Wage Agreement of 2003, and the Memorandum of Understanding Regarding New Employees. To the extent Plaintiffs characterize the Agreement, Defendants contend that the Agreement speaks for itself. Defendants deny all other allegations.

3) Defendants admit that this action may be brought under Section 301 of the Labor Management Relations Act, 29 U.S.C. § 185, and that jurisdiction is proper under 28 U.S.C. § 1331.

4) Defendants neither admit nor deny the allegations in the first sentence of paragraph 4. Defendants admit the remaining allegations.

5) Defendants admit that the UMWA is an unincorporated association and labor organization that represents members who are employed by the Plaintiff at the mines referenced in paragraph 4.

6) Defendants deny that Region 3 is an unincorporated association and labor organization; by way of further answer Defendants contend that Region 3 is a division of the UMWA.

7) Defendants deny that District 12 is an unincorporated association and labor organization; by way of further answer Defendants contend that District 12 is a division of the UMWA.

8) Defendants admit the allegations in paragraph 8.

9) Defendants admit that venue is proper.

10) Defendants admit that the Bituminous Coal Wage Agreement of 2003, and the Memorandum of Understanding Regarding New Employees are attached as Exhibits A and B, as are seven letters which are attached as Exhibit C. To the extent Plaintiffs characterize the Agreement, Defendants contend that it speaks for itself.

11) Defendants generally admit the allegations in paragraph 11; however, to the

extent Plaintiffs characterize the Agreement, Defendants contend that it speaks for itself.

12) Defendants generally admit the allegations in paragraph 12; however, to the extent Plaintiffs characterize the Agreement, Defendants contend that it speaks for itself.

13) Defendants generally admit the allegations in paragraph 13; however, to the extent Plaintiffs characterize the Agreement, Defendants contend that it speaks for itself.

14) Defendants neither admit nor deny the allegations in paragraph 14; by way of further answer Defendants contend that the documents speak for themselves.

15) Defendants admit the allegations in paragraph 15.

16) Defendants admit the allegations in paragraph 16.

17) Defendants admit the allegations in paragraph 17.

18) Defendants admit the allegations in paragraph 18.

19) Defendants admit that a grievance concerning the right of Freeman to use new employees to fill Repairman jobs was the subject of a grievance that arose at the Crown III mine, which grievance was submitted to Arbitrator Frank Keenan, and that he denied the grievance; Defendants further admit that the arbitration decision is attached as Exhibit D, but contend that the decision speaks for itself.

20) Defendants admit the allegations in paragraph 20.

21) Defendants generally admit that the Agreement provides for arbitration, but contend that the document speaks for itself.

22) Defendants admit that a hearing was held before Arbitrator D'Eletto on June 15, 2005 but neither admit nor deny the remaining allegations.

23) Defendants admit that Arbitrator D'Eletto issued his arbitration decision sustaining the grievance on or about August 3, 2005, but contend that the document speaks for itself.

24) Defendants neither admit nor deny the allegations in paragraph 24; by way of further answer, Defendants contend that the arbitration decision speaks for itself.

## CLAIM FOR RELIEF

25) Paragraph 25 does not require a response.

26) Defendants deny the allegations in paragraph 26.

27) Defendants deny the allegations in paragraph 27.

## AFFIRMATIVE DEFENSES

28) Plaintiff has failed to state a claim for which relief can be granted.

29) Plaintiffs action is barred by the arbitration award itself which is final and binding under the terms of the parties' collective bargaining agreement.

30) Plaintiff is estopped from asserting issues before this court without having brought them initially before the arbitrator.

## COUNTERCLAIM

31) This counterclaim is brought under Section 301 of the Labor Management Relations Act, 29 U.S.C. § 185 to enforce an arbitration award.

32) Plaintiff Freeman United Coal Mining, ("Freeman") is an "employer" within the meaning of Section 2(2) of the Labor Management Relations Act, as amended, 29

U.S.C. §152(2), and it is engaged in the underground mining of coal at two mines in Illinois, one near Virden and one near Farmersville and does business within the Central District Court's jurisdiction. Freeman is in "an industry affecting interstate commerce," within the meaning of Sections 2(6) and 2(7) of the National Labor Relations Act, as amended, 29 U.S.C. §§152(6),(7).

33) Defendant UMWA is a labor organization headquartered in Fairfax, Virginia and is a "labor organization" as that term is defined in Section 2(5) of the Labor Management Relations Act as amended, 29 U.S.C. §152(5). Defendant Local 1969 is a "labor organization" as that term is defined in Section 2(5) of the Labor Management Relations Act as amended, 29 U.S.C. §152(5), and it represents members employed by Freeman and conducts business within the Central District Court's jurisdiction

34) The UMWA is the exclusive collective bargaining representative of certain of the employees of Freeman, pursuant to Section 9(a) of the National Labor Relations Act, 29 U.S.C. §159(a).

35) At all material times herein the UMWA and Freeman have been parties to a collective bargaining agreement which contains a grievance and arbitration procedure for the resolution of disputes.

36) In November, 2004 the Union filed a grievance over Freeman's failure to post Repair Trainee positions, and its assignment of new employees to fill the positions.

37) The parties were unable to resolve the grievance and the matter was referred to

   final and binding arbitration.

38) On or about August 3, 2005, the arbitrator rendered an award which was favorable to the Union.

39) Freeman has refused and failed to abide by the arbitrator's award.

40) By failing to abide by said arbitration award, Freeman has breached the collective bargaining agreement between the parties.

41) Defendants have no other remedy at law and are due specific enforcement of the Arbitration Award.

Wherefore Defendants request that:

A) Plaintiff's claim for setting aside the Arbitration Award be dismissed;

B) Defendants' claim for specific enforcement of the Arbitration Award be granted and an order issued to direct Freeman to abide by said award;

C) Defendants be awarded their attorneys' fees in this action;

D) Defendants be awarded such other relief to which they may be entitled.

       Respectfully submitted,

       s/ James P. Moody
       JAMES P. MOODY
       **CAVANAGH & O'HARA**
       407 East Adams Street
       Post Office Box 5043
       Springfield, IL 62701
       Telephone (217) 544-1771
       Fax (217) 544-5236
       jim@cavanagh-ohara.com

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on this 27th day of October, 2005, a copy of the foregoing Answer and Counterclaim were served via U.S. first-class mail, postage prepaid, upon:

Martin J. Haxel
Livingstone, Mueller, O'Brien & Davlin, P.C.
620 East Edwards Street
Springfield, IL      62705

Venable LLP
David S. Smith
8010 Towers Crescent Drive, Suite 300
Vienna, VA 22182

                                           _s/ James P. Moody_____

                                           Counsel for United Mine Workers of America