**UNITED STATES DISTRICT COURT**
**FOR THE CENTRAL DISTRICT OF ILLINOIS**

| | |
|---|---|
| **FREEMAN UNITED COAL MINING CO.,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | ) CIVIL ACTION NO. 3:05-CV-03227 |
| | ) |
| **INTERNATIONAL UNION, UNITED MINE** | ) |
| **WORKERS OF AMERICA; REGION 3,** | ) |
| **UNITED MINE WORKERS OF AMERICA;** | ) |
| **DISTRICT 12, UNITED MINE WORKERS** | ) |
| **OF AMERICA; LOCAL UNION 1969,** | ) |
| **UNITED MINE WORKERS OF AMERICA** | ) |
| | ) |
| **Defendants.** | ) |

**REPLY TO COUNTERCLAIM**

Freeman United Coal Mining Co., by counsel, files this reply to the Counterclaim filed against it in this matter.

In response to the individually numbered paragraphs set forth in the Counterclaim, Freeman states:

1.  In response to Paragraph 31, Freeman states that the allegations contain a statement of law for which no response is required.

2.  In response to the allegations in Paragraph 32, Freeman states that it does business and mines coal in the State of Illinois and responds further that the remaining allegations sets forth conclusions of law for which no response is required.

3.  In response to Paragraph 33, Freeman states that the allegations set forth conclusions of law for which no response is required but admit that UMWA is headquartered in Fairfax, Virginia and that Local 1969 represents certain members employed by Freeman and that it conducts business within the central district of Illinois.

4.  In response to the allegations contained in Paragraph 34, Freeman states that it sets forth conclusions of law for which no response is required.

5. In response to the allegations contained in Paragraph 35, Freeman admits that it is a party to a collective bargaining agreement and refers the Court to the allegations in its Complaint for the specifics regarding that agreement.

6. In response to the allegations contained in Paragraph 36, Freeman admits that a grievance was filed in November 2004 which is set forth in Freeman's Complaint. Freeman denies the characterization of the grievance as set forth in Paragraph 36.

7. In response to the allegations contained in Paragraph 37, Freeman admits that the grievance was ultimately referred to arbitration but denies the characterization set forth in Paragraph 37 to the extent the allegations imply that this Court lacks jurisdiction or authority to review and vacate the award.

8. In response to the allegations contained in Paragraph 38, Freeman admits that an arbitration award was rendered and refers the Court to Freeman's discussion of the award in its Complaint.

9. Freeman denies the allegations contained in Paragraph 39.

10. Freeman denies the allegations contained in Paragraph 40.

11. In response to the allegations contained in Paragraph 41, Freeman states that it contains conclusions of law for which no response is required.

In further response to the Counterclaim, Freeman states that the Award should be vacated, and not enforced, for the reasons set forth in Freeman's Complaint

Respectfully submitted,

s/Martin J. Haxel
Martin J. Haxel - #6182016
Attorney for Plaintiff
Livingstone, Mueller, O'Brien & Davlin, P.C.
620 East Edwards Street, P.O. Box 335
Springfield, IL 62705
Telephone: 217-525-1070
Fax: 217-525-1080
Email: mjh@livingstonelaw.com

**CERTIFICATE OF SERVICE**

      I hereby certify that on November 17, 2005, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

James P. Moody
Cavanagh & O'Hara
407 East Adams Street
P.O. Box 5043
Springfield, IL 62701

      /s/ Martin J. Haxel
Martin J. Haxel - #6182016
Attorney for Plaintiff
Livingstone, Mueller, O'Brien & Davlin, P.C.
620 East Edwards Street, P.O. Box 335
Springfield, IL 62705
Telephone: 217-525-1070
Fax: 217-525-1080
Email: mjh@livingstonelaw.com